CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 08 2021

JULIA C. DUDLEY, CLERK
BY: /s/ USeagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CORY MICHAEL MCCREARY, ) | |
| Plaintiff, ) | |
| ) | Case No. 5:20-cv-63 |
| v. ) | |
| ) | |
| WAYNESBORO POLICE ) | |
| DEPARTMENT, ) | By: Michael F. Urbanski, |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Cory Michael McCreary, proceeding pro se, filed an amended complaint on March 15, 2021, alleging defamation against defendant Waynesboro Police Department ("WPD"). ECF No. 7. WPD opposes and filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 11. The motion to dismiss was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation ("R&R") on May 27, 2021, recommending that McCreary's amended complaint be dismissed for failure to state a claim. R. & R., ECF No. 16. McCreary filed an objection to the R&R on May 28, 2021, ECF No. 17, and this matter is ripe for resolution. For the reasons stated below, the court will **OVERRULE** McCreary's objection, **ADOPT** the R&R in its entirety, **GRANT** WPD's motion to dismiss, and **DISMISS** McCreary's amended complaint.

I.

On September 29, 2020, McCreary, a former Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging defamation against two defendants, WPD

1

and Officer Dunn. Compl., ECF No. 1. McCreary avers that on March 18, 2018, he was charged with "rape, abduction and malicious wounding" and was incarcerated at the Middle River Regional Jail ("MRRJ"). Id. at 2. He alleges that in 2020, he was "found not guilty on all 3 charges," and "his name, reputation, and face w[ere] slander[e]d all over [his] hometown and area[.]" Id. McCreary now seeks ten million dollars in relief. Id. Additionally, on January 5, 2021, McCreary filed for leave to proceed in forma pauperis ("IFP"). ECF No. 5.

On February 19, 2021, the court granted McCreary IFP status and advised him that his complaint did not state a claim under § 1983. See Order, ECF No. 6, at 2. The court then granted McCreary leave to file an amended complaint within thirty (30) days of entry of the court's order. Id. McCreary was further advised by the court that failure to file an appropriate amended complaint may result in the dismissal of his case. Id.

On March 15, 2021, McCreary filed an amended complaint dismissing Officer Dunn as a defendant and renewing his defamation claim against WPD, alleging that WPD "slandered [his] name in the media for a rape, abduction/malicious wounding felony charge in which [he] was wrongfully incarcerated for two years awaiting trial at MRRJ[.]" See Am. Compl., ECF No. 7, at 3. He also noted that the charges were disposed of by nolle prosequi. Id. McCreary asserts that because WPD defamed him in the media, he now suffers from "extreme social isolation, mental anguish[,] etc.[,] and anxiety." Id. at 3-5.

On April 26, 2021, WPD moved to dismiss for failure to state a claim upon which relief can be granted, arguing (1) under Virginia law, WPD cannot be sued as a separate entity independent of the city; and (2) McCreary's amended complaint "fails to allege that any official

2

policy or custom was responsible for the violations or injuries he allegedly suffered." See Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 12, at 2-4.

In the R&R filed on May 27, 2021, the magistrate judge concluded that WPD's motion should be granted, recommending that McCreary's amended complaint be dismissed for failure to state a claim. The magistrate judge made the following findings:

(1) Under Virginia law, WPD cannot be sued as an independent entity separate from the municipality and, therefore, the claim must be dismissed;

(2) Even when read in the light most favorable to McCreary, his defamation claim contains no allegation that WPD violated any of its official policies or customs, making the claim incognizable under 42 U.S.C. § 1983; and

(3) 42 U.S.C § 1983 is the improper vehicle for bringing McCreary's state law defamation claim.

R. & R. at 3-5. McCreary objects, asserting that he is eligible to sue WPD for defamation and that WPD had notice of his request for monetary relief. Obj. to R. & R., ECF No. 17.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen (14) days of being served with a copy of the report. Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Furthermore,

> [t]o conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or

3

> courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed[.]").

Moreover, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the Veney court noted:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846.

4

A party who reiterates his previously raised arguments will not be given "the second bite at the apple [] he seeks." Id. Instead, the re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

### III.

Although McCreary filed an objection, he did not respond to the magistrate judge's conclusions with regard to his defamation claim. The objection lacks sufficient specificity for the court to determine on which proposed findings, and on what grounds, McCreary objects. McCreary's objection fails to address (1) WPD's ability to be sued as an independent entity separate from its municipality under Virginia law; (2) the specific policy or custom WPD allegedly violated leading to his defamation in the media; or (3) his ability to bring a state law defamation claim under 42 U.S.C. § 1983. Rather, McCreary's references to his eligibility to sue WPD and assertion that WPD had notice that he was seeking monetary relief are akin to a general objection to the entirety of the R&R. As such, the court cannot credit McCreary's sweeping objection.

Having reviewed the R&R and McCreary's objection thereto, the court finds that the conclusions of the magistrate judge are well supported by relevant statutes and case law. Accordingly, McCreary's objection is **OVERRULED**, the R&R is **ADOPTED** in its entirety, WPD's motion to dismiss is **GRANTED**, and McCreary's claim is **DISMISSED** without **prejudice**.

An appropriate order will be entered.

Entered: July 7, 2021

Michael F. Urbanski
Chief United States District Judge